UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

BRANDON A. DRY,

    Plaintiff

vs.

SINK OUTLET OF PALM BEACH, INC.
SINK OUTLET, INC. and
WILLIAM CHARLES BURTON,

    Defendants

_____/

## COMPLAINT

COMES NOW the Plaintiff, BRANDON A. DRY, by and through the undersigned attorney, and sues the Defendants, SINK OUTLET OF PALM BEACH, INC., SINK OUTLET, INC. and WILLIAM CHARLES BURTON, and for his cause of action alleges as follows:

### Nature of Action

1.    This is a complaint pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*) for unpaid overtime wages, liquidated damages, attorney's fees and costs and injunctive relief.

### Jurisdiction and Venue

2.    Jurisdiction in the Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §§ 201, *et seq.*) hereinafter referred to as ("FLSA"). Jurisdiction is founded upon §216(b) of the FLSA [29 U.S.C. § 216(b)].

3. The causes of action herein arose in Palm Beach County, Florida. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

Parties

4. Plaintiff BRANDON A. DRY is a resident of Palm Beach County, Florida and has been so at all times relevant to the causes of action herein.

5. Defendant SINK OUTLET OF PALM BEACH, INC. is a corporation organized and existing under the laws of the State of Florida. Its principal address is 3585 Northlake Blvd., Lake Park, Florida 33403.

6. Defendant SINK OUTLET, INC., is a corporation organized and existing under the laws of the State of Florida. Its principal address is 1601 West Copans Road, Pompano Beach, Florida 33064.

7. Defendant WILLIAM CHARLES BURTON is a resident of Palm Beach County, Florida and has been so at all times relevant to the causes of action herein.

General Allegations (FLSA action)

8. Plaintiff became employed by Defendant Sink Outlet of Palm Beach, Inc., from on or about August 8, 2015 until on or about February 27, 2016. During his employment, Plaintiff was an hourly wage employee being paid at the regular rate of $12.00 per hour.

9. At all times material hereto, Defendant William Charles Burton was a director and the President of Defendants Sink Outlet of Palm Beach, Inc. and Sink Outlet, Inc.

10. At all times material hereto, Defendants Sink Outlet of Palm Beach, Inc. and Sink Outlet, Inc. were similar businesses and both were owned and managed by Defendant Burton. On occasion, Plaintiff rendered services for Defendant Sink Outlet, Inc., in addition to the

primary services he rendered to Sink Outlet of Palm Beach, Inc.  They constitute a single enterprise because the two entities perform related activities through unified operation or common control and for a common business purpose. See 29 U.S.C. § 203(r)(1).

11.     Defendants Sink Outlet of Palm Beach, Inc. and Sink Outlet, Inc. were and continue to be an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 206(a) and 207(a).  They constitute an enterprise engaged in interstate commerce within the meaning of the FLSA and together meet the "enterprise coverage" as defined in 29 U.S.C. § 203(s)(1)(A)(I) because they have revenues in excess of $500,000 annually.

12.     At all times relevant hereto, Plaintiff was engaged in interstate commerce while an employee of Defendants.  That is, he was (1) operating instrumentalities of commerce, (2) transporting goods in commerce, (3) using channels of commerce,  and/or (4) communicating across state lines, and/or (5) performing work essential to any of the preceding.

13.      At all times Plaintiff worked  for corporate Defendants he was under the direction and supervision of Defendant William Charles Burton, who was acting directly or indirectly in the interest of the corporate Defendants in relation to Plaintiff.  As such, Defendant Burton was Plaintiff's employer as defined in 29 U.S.C. §203(d).

14.     Defendants employed Plaintiff in the aforesaid enterprise for work weeks longer than 40 hours and willfully failed to compensate him for his hours worked in excess of 40 a week at a rate of at least one and one-half times the regular rate at which he was employed.  An employer is required to pay overtime when the employer suffers or permits an employee to work in excess of 40 hours during a seven day payroll period. See 29 U.S.C. § 203(g) and § 207(a).

15. As a result of Defendants' deliberate failure to pay Plaintiff the overtime wages required by the FLSA, he has suffered a loss of wages.

16. Plaintiff has retained the undersigned attorney and is obligated to pay reasonable attorney's fees.

17. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to his unpaid overtime wages, liquidated damages and an award of reasonable attorney's fees and cost pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff BRANDON A. DRY demands judgment against all Defendants for unpaid overtime wages due to him, plus liquidated damages in an equal amount, together with costs and attorney's fees pursuant to the FLSA.

Respectfully submitted,

/s/Don R. Boswell
Don R. Boswell
Fla. Bar No. 145894
Attorney for Plaintiff
Akers & Boswell, P.A.
2161 Palm Beach Lakes Blvd., Suite 407
West Palm Beach, Florida 33409
561.547.6300; Fax 561.828.9212
dboswell@akers-boswell.com